IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  RONALD E. AND BRANDY LYNN LESE,    : Chapter 13
                   debtor    : Case No. 09-19994

## CHAPTER 13 PLAN
NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTERS ASSERTED BY THE DEBTOR TO BE TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE §1324, AND LOCAL RULES.  ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATIONS AND ALLEGATIONS CONTAINED HEREIN.

The Debtor(s) above named hereby submits his/her/their future net disposable income and/or assets as provided herein to such supervision and control of the Trustee as is reasonably necessary for the execution of the Plan and proposes the following pursuant to 11 U.S.C. 1321 and 1322:

    1.    <u>Debts</u>.  All debts are provided for by this Plan.  Only creditors holding timely, duly proved and allowed claims shall be entitled to payments from the Trustee.  (See Notice of Filing of Bar Date.)  <u>The Chapter 13 Trustee has no obligation to file a claim on behalf of any creditor</u>.

    2.    <u>Plan Funding</u>.  Debtor and/or any entity from whom the debtor(s) receive income shall pay to the Trustee the sum of $370.00 monthly, commencing January 30, 2010, for 60 months or earlier provided all allowed and proven claims in the amounts payable under this Plan have been paid in full.

    3.    <u>Plan Distribution</u>.  The Trustee, from available funds, shall make payments to creditors in the following amounts and order.

        A.    <u>Debtor's Attorney</u>:  John A. DiGiamberardino, Esquire

        FEE REQUESTED               $3,500.00

        B.    <u>Residential Mortgage Obligations and Arrears</u>.    The Debtor(s)' mortgage obligations on their primary residence shall be paid as follows:

            (1).  Until such time as the Bankruptcy Court shall order otherwise, Debtor shall pay by cash, personal check, money order, cashier's check or electronic payment, and the Mortgage Creditor(s) listed below shall accept the tender of, all payments due following the date of filing of the Debtor's Bankruptcy Petition.

            (2).  Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the debtor to do the following:

                (A). Apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage.  For purposes of this plan, the "pre-petition arrearage" shall

include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

(B). Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(C). Apply the post-petition monthly mortgage payments made by the debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(D). Notify the debtor and the attorney for the debtor, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(E). Notify the debtor, and the attorney for the debtor, in writing, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(F). Within 60 days after receipt of a written request made by the debtor to the servicer or mortgage lender, with a copy served upon its counsel, the servicer or mortgage lender shall provide debtor and his counsel a statement detailing the following amounts paid by the debtor post-petition: (1) all payments applied to the principal balance; (2) all payments applied to interest; (3) all payments applied to any escrow account; (4) all payments applied to any pre-petition arrearage claim and the remaining balance; and (5) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. The statement may be in the form of a post-petition ledger prepared by the servicer or lender provided the documents used to prepare same are also provided. The debtor may (i) challenge this information by filing a motion with the court, to be served upon the holder and the Trustee, (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines are due, or (iii) take no action at all. To the extent that amounts set forth are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the rights of the holder to collect these amounts will be unaffected.

(3). All of the pre and/or post-petition payment arrears (as indicated below) owing the Mortgage Creditor(s), are listed below, and shall be paid through this Chapter 13 Plan. The arrears owing as described below shall be deemed to include capitalized interest:

| CREDITOR | ARREARS |
| --- | --- |
| Chase Mortgage | $9,000.00 |
| GMAC Mortgage | $1,850.00 |

    C. <u>Secured Claims</u>.  Secured claims, other than those described in paragraph 3. B of this plan, shall be treated as follows:

      i.  *Paid directly, cure default only*.  The following creditors maintain a claim against the Debtor that is secured by the collateral indicated below.  The Debtor shall continue to make regular contractual payments directly to the indicated creditor.  Arrears, if any, as indicated below shall be paid through this Chapter 13 Plan:

| CREDITOR & COLLATERAL | CLAIM | ARREARS |
|---|---|---|
| Citizen's Auto/2003 Dodge Durango | $5,400.00 | -0- |

      ii.  *Paid in full*.  The following creditors maintain a claim against the Debtor that is secured by the collateral indicated below.  Each such creditor shall receive, in full satisfaction of its secured claim, the value of its collateral as indicated which value is deemed to include interest at prime rate, or the amount of its claim, whichever is less.  Total payments to be distributed to the creditor are also indicated below.  In addition, the Debtor shall pay to each such creditor, prior to confirmation of this Chapter 13 Plan, adequate protection payments in such amounts and at such times as required by agreement with each such creditor or Order of the Bankruptcy Court.  Upon full payment as provided herein, the affected creditor shall release and satisfy its lien:

| CREDITOR & COLLATERAL | DISTRIBUTION |
|---|---|
| None | |

      iii.  *Surrender*.  The following creditors maintain a claim against the Debtor that is secured by the collateral indicated below.  In lieu of payment through this Chapter 13 Plan, as a secured, unsecured or priority creditor, the Debtor will surrender the collateral to each such creditor as their interests shall appear of record:

CREDITOR
& COLLATERAL

None

      iv.  *Lien Avoidance*.  The following creditors assert a secured claim against the Debtor that the Debtor has determined is avoidable under 11 U.S.C. 506, 522, 541, and/or 544-550.  As such, the claims shall be treated as unsecured under this Chapter 13 Plan:

CREDITOR
& COLLATERAL

None

    D. <u>Priority Claims</u>.  Unsecured claims entitled to priority under 11 U.S.C. §507 shall be paid in full as follows:

CREDITOR         PRIORITY CLAIM

Chapter 13 Plan - Page 3 of 5

Internal Revenue Service                    $9,000.00

Lancaster County Tax Collection Bureau      $500.00

      E.      Separate Class of Unsecured Claims.

| CREDITOR & CLASSIFICATION | UNSECURED CLAIM |
|---|---|

None

      F.      General Unsecured Creditors.  All other creditors filing timely, duly proved and allowed claims not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims.  Debtor estimates the unsecured claims to total $60,000.00.  (Funds Provided/Unsecured Claims)

      G.      Lien Avoidance.  Debtor has filed, or may heretofore file, a Motion, pursuant to Bankruptcy Rule 4003(d), to avoid all nonpossessory, non purchase money security interest, judicial liens as provided by 11 U.S.C. §522(f), and other avoidable liens, but not limited to those liens that may be avoidable pursuant to 11U.S.C. §506 and 11 U.S.C. 544-550.  Debtor specifically preserves his right to file all appropriate lien avoidance actions after the date this Plan is confirmed, whether or not said claim or interest is specifically described as avoidable in this Plan.  Each such claim or lien avoided or to be avoided shall be treated as a general unsecured claim absent further Order from the Bankruptcy Court.  Any creditors' claims or portions thereof not listed in paragraph C above are to be treated as unsecured and, unless objected to, such unsecured status, for purposes of this Plan, will be binding upon confirmation.  An Order of Confirmation of this Plan shall operate as authority for any Court to satisfy, of record, any lien avoided pursuant to this paragraph.  Each such creditor shall cooperate fully with debtor in his/her efforts to satisfy this lien, including the execution of all documents necessary to confirm or complete the purposes of this paragraph.

      H.      Leases and Contracts.  As of the date of filing of this bankruptcy, the Debtor was a party to the unexpired leases and/or executory contracts listed in this paragraph.  The debtor hereby assumes or rejects said executory contracts or unexpired leases as indicated below. Any other contract, or claim arising out of a contract, not listed in this paragraph shall be conclusively presumed to be a debt, rather than a lease or executory contract and, as such, will receive treatment as provided in paragraphs 3 B-F of this Plan as indicated therein.

| NAME OF CREDITOR | DESCRIPTION | TREATMENT |
|---|---|---|

None

      I.      Miscellaneous Provisions.      None

    4.    Standing Trustee Percentage Fee.  Pursuant to 28 U.S.C. §586(e)(B), the Attorney General, after consultation with the United States Trustee, sets a percentage fee not to exceed ten percent of payments made to creditors by the Trustee under the terms of this Plan.

      5.      <u>Co-debtor Stay</u> - All collection against any co-debtor of the Debtor shall be stayed during the term of this plan.

      6.      <u>Claim waiver -</u> All claims of creditors against the Debtor or the Debtor's property, whether or not such claim is alleged to be owing to secured, priority or general unsecured claimants, not filed on or before the date of confirmation of this Chapter 13 Plan, or any earlier bar date for the filing of claims as fixed by the Bankruptcy Court, may be determined to be satisfied and discharged, as provided in the Bankruptcy Code, and/or further Order of the Bankruptcy Court. The Debtor reserves the right, at any time during the pendency of the Debtor's bankruptcy, whether or not the Debtor's Plan has been confirmed, to object to all Proofs of Claim filed by creditors, including subsequent amendments to filed Proofs of Claim not addressed or provided for under this Chapter 13 Plan and to file such avoidance actions as may be necessary to address issues of invalidity in the character or type of claim or lien asserted by a creditor.

      7.      <u>Automatic stay</u> - Except and unless specifically set forth in this Plan, confirmation of this Chapter 13 Plan shall not affect, alter, modify or terminate the stay provided in 11 U.S.C. 362(a).

      8.      <u>Effective Date</u> – Unless otherwise indicated herein, the effective date of this plan shall be the date of filing of the Debtor's bankruptcy petition or the conversion of this case to a case under Chapter 13, whichever last occurs.

      9.      <u>Filing of Tax Returns</u> – The Debtor represents that (s)he has filed all required federal state and local tax returns, of any nature, due to be filed prior to the Effective Date of this Plan.

      10.      <u>Reconciliation with Chapter 7</u> – The Debtor represents that the amount to be paid under this Chapter 13 Plan to general unsecured creditors equals or exceeds the amount to which general unsecured creditors would be entitled in a Chapter 7 case.

Dated:  1/13/10

**CASE, DIGIAMBERARDINO & LUTZ, P.C.**

s/John A. DiGiamberardino, Esquire
Attorney I.D. #41268
845 N. Park Rd., Ste. 101
Wyomissing, PA  19610
610-372-9900
610-372-5469- fax
Attorney for Debtor(s)