IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:    RONALD EUGENE LEESE            CHAPTER 13
A/K/A RONALD E. LEESE
BRANDY LYNN LEESE                 BK. NO. 09-19994 SR
A/K/A BRANDY L. LEESE
Debtors

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan & Schmieg, LLP, counsel for the Movant, CHASE HOME FINANCE, LLC, and JOHN A. DIGIAMBERARDINO, ESQUIRE, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The parties agree that the total post-petition arrearage consists of one (1) monthly payment for the month of January 2010 at $1,273.02 each; four (4) monthly payments for the months of February 2010 through May 2010 at $1,259.69 each; attorney fees and costs in the amount of $825.00; resulting in the total post-petition arrearage amount of $7,136.78.

3. Debtors agree to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $7,136.78, representing all arrearages, charges, fees and other post-petition amounts due through June 1, 2010. Debtors agree to amend the Chapter 13 Plan within fifteen (15) days of the signing of this Stipulation. Upon the filing of the Amended Chapter 13 Plan, Movant shall amend its Proof of Claim to include said delinquency.

4. The parties agree that the allowed amended secured claim of Movant for pre-petition arrearages in the amount of $20,838.90 and post-petition arrearages in the amount of $7,136.78 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 plan is $27,975.68 Upon the filing of the Amended Chapter 13 Plan, Movant shall amend its Proof of Claim to include said delinquency.

5. Debtor agrees to remain current post-petition from this day forward. Beginning June 1, 2010, all subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to CHASE HOME FINANCE LLC, 3415 VISION DRIVE, COLUMBUS, OH, 43219.

6. If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtors fail to file an Amended Chapter 13 Plan within the time period prescribed above, or if any regular monthly mortgage payment commencing June 1, 2010 is more than fifteen (15) days late, Movant may send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. Debtors' tendering of a check to **CHASE HOME FINANCE LLC**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:    May 18, 2010

JAY B. JONES, ESQUIRE
PETER J. MULCAHY, ESQUIRE
JOSEPH P. SCHALK, ESQUIRE
ANDREW L. SPIVACK, ESQUIRE
Attorneys for Movant

JOHN A. DIGIAMBERARDINO, ESQUIRE
Attorney for Debtor